IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MITCHELL L. HEFFERMAN, ) | |
| ) | |
| Plaintiff, ) | CIVIL NO. 2009/0087 |
| v. ) | |
| ) | |
| THE UNITED STATES VIRGIN ISLANDS, and ) | |
| THE VIRGIN ISLANDS BUREAU ) | |
| OF INTERNAL REVENUE ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
COUNTS II AND III**

Finch, Senior Judge

In this tax refund lawsuit, Defendants Virgin Islands Bureau of Internal Revenue ("VIBIR") and United States Virgin Islands (collectively "Defendants") seek dismissal of Plaintiff Mitchell Hefferman's ("Plaintiff") common law claims for unjust enrichment and conversion on the grounds that they are preempted by federal tax law. Plaintiff opposes Defendants' Motion. For the reasons set forth below, Defendants' Motion will be granted.

**I.   Background**

Plaintiff alleges that on July 8, 2007, he filed an amended tax return (Form 1040X)[1] for his 2003 tax return requesting a refund of $2,438,098. (Compl. ¶ 18, Doc. 1.)[2] Plaintiff also alleges that on December 22, 2007, he filed an amended tax return (Form 1040X) for his 2004

---

[1] *See* 26 C.F.R. § 301.6402-3(a)(2) ("In the case of an overpayment of income taxes for a taxable year of an individual for which a Form 1040 or 1040A has been filed, a claim for refund shall be made on Form 1040X.").

[2] All document references are to Case No. 1:09-cv-00087.

tax return requesting a refund of $2,296,201 and that he filed an amended return for tax year 2007 on October 6, 2008, requesting a refund of $35,672.  (*Id*. ¶¶ 19-20.)  In total, Plaintiff claims that the VIBIR owes him a tax refund of $4,769,971.[3]  Plaintiff alleges that despite repeated demands, including written demands from his attorney to the VIBIR, the Virgin Islands' Attorney General and the Governor, he has not been issued a refund.  (*Id.* ¶¶ 21-24.)

Plaintiff brings three causes of action: 1) a claim for a tax refund under 26 U.S.C. § 7422; 2) an unjust enrichment claim; and 3) a conversion claim.  Defendants' Motion only seeks dismissal of Plaintiff's unjust enrichment and conversion claims ("common law claims"). [4]

## II.   Analysis

### A.  Standard of Review

The Government challenges Plaintiff's complaint under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.  There is a significant difference in the standard of review between these two rules.  A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and requires the Court to determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).  When ruling on a 12(b)(6) motion, the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable

---

[3] While not relevant to the disposition of this motion, by way of background, documents attached to Plaintiff's complaint indicate that the bulk of his refund claim stems from net operating losses allegedly suffered by Mortgage Lenders Network USA, Inc. (*See* Compl. ¶¶ 18-19, Exs. C and D.)

[4] In their reply brief, Defendants indicate that Plaintiff may not have filed proper tax refund claims with the VIBIR, but insist that their Motion only challenges his claims of unjust enrichment and conversion.  (*See* Defs.' Reply at 3-4, Doc. 10.)

inferences in favor of the nonmoving party. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).

In contrast, a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction to hear the case. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997); Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion can take two forms. A "facial attack" is similar to a Rule 12(b)(6) motion to dismiss and challenges "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Common Cause of Pennsylvania, v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir. 2009) (citing *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). On the other hand, a "factual attack" challenges the existence of facts sufficient to confer subject matter jurisdiction. *Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.,* 227 F.3d 62, 69 (3d Cir. 2000).

Here, Defendants assert that Plaintiff's unjust enrichment and conversion causes of action are preempted by federal tax law. Because federal preemption presents the issue of whether Plaintiff has stated a claim on which relief can be granted, the Court will decide the preemption issue under Rule 12(b)(6). *See Umland v. PLANCO Financial Services, Inc.*, 542 F.3d 59, 63 (3d Cir. 2008) (holding that Fed. R. Civ. P. 12(b)(6) was the proper standard by which to review dismissal based on federal preemption).

### B.  The Virgin Islands Mirror Code

Before reaching the merits of Defendants' preemption argument, it is necessary to outline the unique tax system which governs taxpayer obligations in the Virgin Islands. Under 48 U.S.C. § 1397, "[t]he income-tax laws in force in the United States of America and those which

may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands." "The effect of section 1397 is to create a 'mirror system' of taxation in which Virgin Islands residents discharge their tax liability by paying income taxes directly to the Treasury of the Virgin Islands." *WIT Equip. Co., Inc. v. Director, Virgin Islands Bureau of Internal Revenue*, 185 F. Supp. 2d 500, 502 (D.V.I. 2001) (citations omitted); *see also HMW Indus., Inc., v. Wheatley*, 504 F.2d 146, 150 (3d Cir. 1974) (describing mirror code).

The Virgin Islands tax code contains numerous provisions that mirror those of the Internal Revenue Code ("I.R.C.") as stated in *Pan Am. World Airways Inc. v. Duly Authorized Gov't of the V.I.*, 459 F.2d 387 (3d Cir. 1972):

> The Virgin Islands legislature has enacted in Subchapter II of Title 33 a comprehensive plan for procedure and administration of the mirror image income tax derived from Subtitle F of the Internal Revenue Code of 1954. This plan includes a provision for judicial review in the district court of asserted deficiencies, 33 V.I.C. §§ 942, 943, 944, and 1931(1), analogous to review in the tax court. 26 U.S.C. §§ 6212, 6213. It also permits suits for refund, 33 V.I.C. § 1692, analogous to such suits pursuant to 26 U.S.C. § 7422. As with the Internal Revenue Code . . . there is a prohibition against . . . suing for a refund until after the administrative agency has acted on a refund claim.

*Id.* at 391 n. 2 (citing 33 V.I.C. § 1692(a)).

"Whether codified locally or not, however, all provisions of the I.R.C. have force in the Virgin Islands unless they are 'manifestly inapplicable or incompatible with a separate territorial income tax.'" *WIT Equip. Co. Inc.*, 185 F. Supp. 2d at 503 (citing *Abramson v. Gov't of the V.I.*, 994 F.2d 140, 142 (3d Cir. 1993)).

4

### C. Plaintiff's Common Law Claims

There are no Virgin Islands statutes that provide for unjust enrichment or conversion causes of action. However, pursuant to 1 V.I.C. § 4, "[t]he rules of the common law, as expressed in the restatements of the law … shall be the rules of decision in the courts of the Virgin Islands … in the absence of local laws to the contrary." Accordingly, these common law claims are recognized causes of action in the Virgin Islands. *See Addie v. Kjaer*, 51 V.I. 463, 473 (D.V.I. 2009) ("Under Virgin Islands law, [c]onversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel. [citation] Money is a chattel that may be the object of a conversion." (citing Restatement (Second) of Torts § 222A n.8 (1965))); *Terrace v. Williams*, 51 V.I. 225, 244-45 (V.I. 2009) ("The Restatement provides that 'a person who has been unjustly enriched at the expense of another is required to make restitution to the other.'" (quoting Restatement (First) of Restitution § 1 (1937))); *see also Martin v. Martin*, 2010 V.I. Supreme LEXIS 45, 26-27 (V.I. Sept. 15, 2010) (discussing elements of unjust enrichment cause of action) (citation omitted).

### D. Preemption

"The Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, invalidates state law that 'interferes with or is contrary to federal law.'" *Farina v. Nokia Inc.*, __F.3d__, 2010 WL 4138502, at *10 (3d Cir. Oct. 22, 2010) (citing *Free v. Bland*, 369 U.S. 663, 666 (1962)). "This principle applies to the laws of the Virgin Islands through the Revised Organic Act, which authorizes the Virgin Islands legislature to enact territorial laws that are 'not inconsistent with ... the laws of the United States made applicable to the Virgin Islands . . .'" *St.*

5

*Thomas-St. John Hotel & Tourism Ass'n. Inc. v. Gov't of U.S. Virgin Islands ex rel. Virgin Islands Dept. of Labor*, 357 F.3d 297, 302 (3d Cir. 2004) (quoting 48 U.S.C. § 1574(a)). Preemption can apply to all forms of territorial law, including civil claims based on territorial law. *Farina*, 2010 WL 4138502, at *10 (citing *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 331 (3d Cir. 2009)).

There are three varieties of federal preemption: 1) express preemption, 2) field preemption (also known as implied preemption); and 3) conflict preemption. *Green v. Fund Asset Management, L.P.*, 245 F.3d 214, 222 (3d Cir. 2001). "Express preemption arises when there is an explicit statutory command that state law be displaced." *Orson, Inc. v. Miramax Film Corp.*, 189 F.3d 377, 381 (3d Cir. 1999), *cert denied*, 529 U.S. 1012 (2000). Field preemption occurs when "federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it." *Id*. (quoting *Cipollone v. Liggett Group, Inc*., 505 U.S. 504, 516 (1992)). Conflict preemption arises when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hubert v. Islands Mech. Contr*., 2010 U.S. Dist. LEXIS 56743, at *27 n.15 (D.V.I. June 9, 2010) (Finch, J.,) (quoting *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 477 (1989)). The party asserting federal preemption bears the burden of proof. *Green*, 245 F.3d at 230.

Preemption cases are guided by two principles. "First, the intent of Congress is the 'ultimate touchstone' of preemption analysis." *Farina,* 2010 WL 4138502, at *10 (citing *Medtronic, Inc., v. Lohr*, 518 U.S. 470, 485 (1996)). In discerning this intent, the Court looks to

Congress' express statements, "the structure and purpose of the statute as a whole" and "its surrounding regulatory scheme." *Id*. (citation omitted).

Second, under what is known as the "presumption against preemption," the Court "start[s] with the basic assumption that Congress did not intend to displace state law." *Farina*, 2010 WL 4138502, at *10-11 (citing *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981) and *Wyeth v. Levine*, 129 S.Ct. 1187, 1195 n. 3 (2009)). However, the presumption "does not apply where state regulation has traditionally been absent." *Id*. Here, while local law is not "absent" on the issue of tax refunds – as discussed above, Chapter 33 of the Virgin Islands code contains several provisions mirroring federal tax law – Plaintiff's unjust enrichment and conversion claims are not found in the local tax code and are not the traditional means of seeking tax refunds in the Virgin Islands. *See Pan Am. World Airways Inc.,* 459 F.2d at 391 n. 2 (noting that the Virgin Islands mirror code "permits suits for refund, 33 V.I.C. § 1692, analogous to such suits pursuant to 26 U.S.C. § 7422."); *Birdman v. Office of the Governor*, 2010 U.S. Dist. LEXIS 101959, at *9 (D.V.I. 2010) (holding that taxpayer may litigate amount of their income tax only by paying tax and then seeking refund under 28 U.S.C. § 7422 and 33 V.I.C. § 1692 or by petitioning the Court for redetermination of an assessed deficiency pursuant to 26 U.S.C. § 6213 and 33 V.I.C. § 943); *JDS Realty Corp. v. Gov't of the V.I.*, 18 V.I. 601, 602 (D.V.I. 1981) (holding that 33 V.I.C. 1692 governed tax refund claim). Accordingly, the "presumption against preemption" is inapplicable to Plaintiff's common law claims.

The Court now turns to the merits of Defendants' preemption argument. Defendants contend that Plaintiff's common law unjust enrichment and conversion claims are really tax

refund claims and are thus preempted by the I.R.C., specifically 26 U.S.C. § 7422 and its Virgin Islands counterpart, 33 V.I.C. § 1692. Section 7422 states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

28 U.S.C. § 7422.[5]

Defendants assert that the broad language of 28 U.S.C. § 7422 indicates Congress' intent that section 7422 be the exclusive means of obtaining a tax refund. Recent case law provides significant support for Defendants' contention. First, in *United States v. Clintwood Elkhorn Min. Co*, 553 U.S. 1 (2008), three coal mining companies sought a refund of taxes that they claimed were levied by the government in violation of the Export Clause of the United States Constitution. *Id*. at 5. For years in which they paid export taxes that fell outside the I.R.C.'s thee-year statute of limitations (*see* 26 U.S.C. § 6511), the coal mining companies argued that their claims were covered by the Tucker Act's six-year statute of limitations. *Id*. at 6.[6] The Court rejected this argument finding that the language of section 7422 indicated that "Congress mean the statute to have expansive reach" and expressed Congress' intent "that taxpayers

---

[5] Section 1692(a) of Title 33 of the Virgin Islands code is virtually identical to section 7422 but uses the word "Director" in place of "Secretary".

[6] The Tucker Act grants jurisdiction to the Court of Federal Claims "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A claim must be filed before the Court of Federal Claims within six years of its accrual. *See* 28 U.S.C. § 2501. The Tucker Act only provides jurisdiction and does not, by itself, provide a cause of action. *Cottrell v. United States,* 42 Fed. Cl. 144, 152 (1998).

8

seeking refunds of unlawfully assessed taxes must comply with the Code's refund scheme before bringing suit, including the requirement to file a timely administrative claim." *Id*. at 7-8.

Shortly after *Clintwood* was decided, the Third Circuit published *Umland v. PLANCO Financial Services, Inc.*, 542 F.3d 59 (3d Cir. 2008), where it addressed the question of whether state law unjust enrichment claims against a private party, seeking the return of unlawfully collected taxes, were preempted by federal tax law. There, an employee brought class action claims, including one for unjust enrichment, against her employer, PLANCO, for unlawfully deducting Federal Insurance Contributions Act ("FICA") taxes from her paycheck.[7] *Id*. at 65. The Court held that because "§ 7422 requires taxpayers to file claims with the IRS for tax refunds . . . § 7422 expressly preempts Umland's unjust enrichment claim." *Id*. at 68. Relying on *Clintwood*, the Third Circuit also held that field preemption barred the unjust enrichment claim because "the broad sweep of § 7422 – especially as described by the Supreme Court [in *Clintwood*] suggests that Congress intended the IRS to occupy the field of tax refunds." *Umland*, 542 F.3d at 69 (citing *Clintwood*, 553 U.S. at 7).[8]

Furthermore, consideration of policies underlying the federal tax refund scheme provides convincing evidence that Congress intended to occupy the field of income tax refund claims. *See Farina,* 2010 WL 4138502, at *10 (holding that court must consider "structure and purpose of the statute as a whole" in discerning Congressional intent regarding preemption). In *Clintwood*,

---

[7] Umland claimed that PLANCO withheld double the correct rate of FICA taxes after she was reclassified from an "independent contractor" to an "employee." *Umland*, 542 F.3d at 65.

[8] *See also Brennan v. Southwest Airlines Co*., 134 F.3d 1405, 1409 (9th Cir. 1998) ("It is well-established that the IRC provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds."); *Family Leadership Foundation v. United States*, 2006 WL 2925668, at *2 (D. Ariz. 2006) ("[T]he IRC is the exclusive vehicle for tax refund suits and thus preempts state law claims seeking tax refunds."); *McMaster v. Coca-Cola Bottling Co. of California*, 392 F.Supp.2d 1107, 1112 (N.D. Cal. 2005) (same).

9

the Supreme Court noted that "Congress created a shorter statute of limitations for tax claims because 'suits against the United States for the recovery of taxes impeded effective administration of the revenue laws.'" *Clintwood*, 553 U.S. at 8 (quoting *United States v. A.S. Kreider Co.*, 313 U.S. 443, 447 (1941)); *see also Brennan*, 134 F.3d at 1411 (noting that one of the main purposes of section 7422 was to "protect the Treasury by providing strict limitations periods for tax refund suits.") (citation omitted). The I.R.C. generally provides that a tax refund claim must be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511;[9] *see also Clintwood*, 553 U.S. at 6. However, pursuant to 5 V.I.C. § 31(3)(D), a conversion claim in the Virgin Islands is subject to a six-year statute of limitations. *See Whitaker v. Merrill Lynch*, 36 V.I. 75, 84 (V.I. Terr. Ct. 1997) ("An action for conversion is subject to a six-year statute of limitations.") (citing 5 V.I.C. § 31(3)(D)). Likewise, because an unjust enrichment claim for the return of unlawfully collected tax is "a quasi-contract claim," (s*ee Frank v. Government of the Virgin Islands,* 2010 WL 1417857, at *11 (D.V.I. 2010))[10] it is governed by the six-year statute of limitations applicable to contract actions in the Virgin Islands. *See* 5 V.I.C. § 31(3)(A).

Allowing Plaintiff's common law claims to go forward would render the I.R.C.'s three-year statute of limitations a dead letter; any litigant in this jurisdiction would then be able to circumvent the statute of limitations provided for in the I.R.C. simply by filing claims for unjust

---

[9] There are a few limited exceptions to this general rule. *See, e.g.,* 26 U.S.C. § 6511(d)(2)(a) ("If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback or a capital loss carryback, in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be that period which ends 3 years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the net operating loss or net capital loss which results in such carryback . . . ").

[10] In *Frank,* the district court held that an unjust enrichment claim for a refund of local property taxes was a "quasi-contract" claim and thus not subject to the Virgin Islands Tort Claims Act's administrative exhaustion requirement. *Frank*, 2010 WL 1417857, at *11.

enrichment or conversion instead of a refund claim under section 7422. This could not have been Congress' intent when it provided strict statutory guidelines regarding the statute of limitations for the filing of a federal tax refund. *See Clintwood*, 553 U.S. at 9 ("The refund scheme in the current Code would have 'no meaning whatever' if taxpayers failing to comply with it were nonetheless allowed to bring suit subject only to the Tucker Act's [six-year] time bar."); *United States v. Dalm*, 494 U.S. 596, 602 *reh'g denied*, 495 U.S. 941 (1990) ("[U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' . . . may not be maintained in any court.").[11] Because allowing taxpayers to seek income tax refunds through common law claims would undermine the policies behind the I.R.C., the Court is persuaded that Congress intended federal law to occupy the field of tax refunds.

Here, there is no question that Plaintiff's common law claims "are for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected" as contemplated by 28 U.S.C. § 7422 and 33 V.I.C. 1692.[12] There is also no question that federal

---

[11] One other significant difference between Plaintiff's common law claims and section 7422 is that section 7422 requires that a taxpayer make an administrative claim prior to filing suit. *See Clintwood*, 553 U.S. at 14 ("[T]he plain language of 26 U.S.C. § 7422(a) . . . requires a taxpayer seeking a refund . . . to file a timely administrative refund claim before bringing suit against the Government."). Allowing Plaintiff to proceed on his common law claims would interfere with this administrative refund scheme. *See Umland*, 542 F.2d at 68 (finding that preemption of plaintiff's unjust enrichment claim "protects the integrity of the administrative scheme for tax refunds that Congress has approved and that the IRS has implemented."); *Brennan*, 134 F.3d at 1411 (noting that section 7422 was designed to "afford the Internal Revenue Service an opportunity to investigate tax claims and resolve them without the time and expense of litigation.") (citation omitted). While administrative exhaustion is not necessarily an issue in this case (*see* note 4, *supra*), section 7422's administrative exhaustion requirement is nonetheless evidence that Congress intended the I.R.C. to govern all tax refund claims.

[12] *See* Compl. ¶¶ 36-39 ("By virtue of the Plaintiff's overpayment of taxes the Plaintiff has conferred a benefit upon the BIR in that the BIR has had the use of the Plaintiff's funds . . . As a

tax law is applicable to tax refund claims in the Virgin Islands. *See Abramson Enterprises, Inc.*, 994 F.2d at 142. Accordingly, the Court finds that Plaintiff's common law claims are preempted and must therefore be dismissed.[13] *Clintwood*, 553 U.S. at 6-8; *Umland*, 542 F.3d at 68-69.

### III. Conclusion

For the foregoing reasons, the Court finds that Plaintiff's common law claims are preempted by the Internal Revenue Code as applied to the Virgin Islands. Accordingly, it is hereby **ORDERED** that

Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's second and third causes of action (unjust enrichment and conversion) are **DISMISSED**.

**ENTERED:**

Dated: November 30, 2010                    /s/
                                            RAYMOND L. FINCH
                                            SENIOR U.S. DISTRICT JUDGE

---

further direct result of the foregoing, the BIR has been unjustly enriched by the overpayments made by the Plaintiff."); *Id*. ¶¶ 41-43 ("The BIR had the legal possession of the Plaintiff's funds until he requested that the overpayment be refunded to him . . . As a further direct result of the foregoing, the BIR has converted the Plaintiffs overpayment to its own use.").

[13] Because the Court finds that Plaintiff's common laws claims are preempted, it does not reach Defendants' alternative arguments for dismissal.